IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL ROMANOWSKI, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:22-CV-0428-E-BH |
| | ) | |
| TRANS UNION, LLC, et al., | ) | |
| **Defendants.** | ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the plaintiff's *Motion to Set Aside Order and Reconsider,* filed on

February 15, 2022 (doc. 37), and *Motion to Remand*, filed February 24, 2022 (doc. 41).  Based on

the relevant filings and applicable law, the motions are **DENIED**.

**I.**

In this lawsuit under the Fair Credit Reporting Act, the plaintiff claims that the defendant

bank furnished inaccurate disputed information to the two defendant consumer reporting agencies,

which then failed to investigate and remove the inaccurate information from his credit file. (*See* doc.

1 at 2, 9-10.)[2]  He filed this action on October 1, 2021, in the United States District Court for the

Western District of Pennsylvania.  (*See id.*)  The defendant bank moved to transfer the case to this

district, citing a venue provision in a 2019 settlement agreement between it and the plaintiff.  (*See*

docs. 12, 12-1.)  The plaintiff opposed the motion and moved to sever his claims against the

defendant bank.  (*See* docs. 18, 20, 21, 34.)  By electronic order dated February 15, 2022, the court

denied the motion to sever and granted the motion to transfer for the reasons previously set forth in

its order denying the plaintiff's summary judgment motion.  (*See* doc. 35.)  In the prior order, the

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers
at the bottom of each filing.

court specifically found that the plaintiff's claims arose out of the 2019 settlement agreement, in which the parties had agreed that the exclusive venue for any dispute arising under it would be in Dallas County, Texas.  (*See* doc. 29 at 1-3.)  The electronic order granting the motion to transfer noted that the other two defendants did not oppose the transfer. (*See* doc. 35.)

In his substantially identical two-page motions, the plaintiff contends that the case should be transferred back to Pennsylvania because he resides in the district where the case was initially filed and there is no jurisdiction over him in this district, the defendant bank is not an integral part of the case, and the other two defendants would not be subject to this court's jurisdiction.  (*See* docs. 37, 41.)

## II.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988) (citation omitted). This "doctrine is a discretionary rule", however. *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). Review of a prior substantive ruling is appropriate in three instances: (1) substantially different evidence; (2) a change in controlling authority; or (3) a "clearly erroneous" decision that "would work a manifest injustice." *See Free v. Abbott Lab'ys, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). Importantly, the "doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Clifford v. Gibbs*, 298 F.3d 328, 331 (5th Cir. 2002) (citation and quotations omitted). "An issue is 'actually decided' if the court explicitly decided it or necessarily decided it by implication." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425 (5th Cir. 2006).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816; *see also In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir.2009) ("transfer courts should use the law of the case doctrine to determine whether to revisit a [transfer] decision" and should "rarely reverse" ); *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (citation omitted) (explaining that "the decision of a transferor court should not be reviewed again by the transferee court"). While a court has the power to revisit a prior decision to transfer a case, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). This is because "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* at 816. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819.

Here, the Pennsylvania court specifically considered the issue of venue and determined that because the plaintiff's claims arose out of a settlement agreement containing a forum selection clause, this district was the appropriate venue. It also considered the non-party defendants' agreement to the transfer. The decision to transfer the case here was plausible. The plaintiff has not shown that the transfer decision was clearly erroneous or manifestly unjust, and no extraordinary circumstances for revisiting that decision are apparent from the record.

## III.

The plaintiff's motions to sever his claims against the defendant bank and transfer the remaining claims against the defendant consumer reporting agencies back to the Western District

3

of Pennsylvania are **DENIED**.

      **SIGNED this 24th day of February, 2022.**

 

                                 IRMA CARRILLO RAMIREZ
                                 UNITED STATES MAGISTRATE JUDGE