IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL ROMANOWSKI,        )<br>        Plaintiff,        )<br>vs.        )<br>        )<br>TRANS UNION, LLC, et al.,        )<br>        Defendants.        ) | No. 3:22-CV-0428-E-BH<br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's *Declination to Magistrate Judge Jurisdiction*, filed February 25, 2022 (doc. 44). He "declines[s] to have a United States magistrate judge conduct all further proceedings in this case" and requests reassignment to a United States district judge. Based on the relevant filings and applicable law, the motion is **DENIED**.

At the time this case was opened, it was assigned to a United States District Judge. A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. 28 U.S.C. § 636(b)(a). Under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges. According to the automatic referral provisions of *Special Order 3-251* for the district judge to whom this *pro se* case is assigned, it has been automatically assigned to the designated United States Magistrate for full case management, including determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Because the assigned district judge has retained the ultimate decision-making authority for this case, the plaintiff's consent to this referral procedure is not required. *See Nixon v. GMAC*

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

*Mortg. Corp.,* 408 F. App'x 833, 834 (5th Cir. 2011).  In addition, both § 636(b) and Fed. R. Civ. P. 72 set forth the procedures for parties to object to magistrate judges' pretrial orders and findings and recommendations.

Because a district judge has already been assigned to this case, and the parties' consent to the referral to a magistrate judge for full case management is not required, the plaintiff's motion is **DENIED**.

**SIGNED this 28th day of February, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE